22718, 22723. JOHNSON v. JOHNSON; and vice versa.

CANDLER, Justice. Mrs. Marion D. Johnson filed a suit for divorce and alimony in the Superior Court of Fulton County against her husband L. L. Johnson on the ground of cruel treatment. The petition alleged that the parties had a 15-year-old daughter whose custody petitioner sought. The defendant answered the petition and denied its allegations of cruel treatment. By way of cross action he alleged that for a period of more than two years prior to the filing of her suit

the plaintiff had refused to have sexual relations with him and that such conduct on her part amounted to desertion of him. He prayed for a divorce and demanded a jury trial.

On conflicting evidence the jury returned a verdict granting a divorce between the parties, awarded the plaintiff $1,000 in cash and $100 per month so long as she remained unmarried, gave her exclusive use of the home until their child reached majority or married, together with full ownership of the furniture, appliances and equipment therein, required the defendant to pay her $75 per month for the support of their child until her majority or until she married, whichever occurred first, required him to pay all of the medical bills of said child, required him to pay the installments of principal and interest as they matured on a mortgage against their home together with insurance and taxes thereon and required him to pay the plaintiff an amount equal to 50% of his equity in their home as of the time when their child reached her majority or married, whichever occurred first.

The plaintiff Mrs. Johnson filed a motion for new trial on the usual general grounds and later amended it by adding four special grounds. The judge sustained special ground 3 of the amendment and granted a new trial solely on that ground. He expressly overruled the general grounds of her motion and special grounds 1, 2 and 4 thereof. The defendant excepted to that part of the judgment which was adverse to him and the plaintiff by cross bill excepted to that part of the judgment which was adverse to her. *Held:*

1. Ground 3 of Mrs. Johnson's amended motion for new trial alleges that the court erred in allowing in evidence over her objection the following testimony given by the defendant L. L. Johnson: "Well, I want my wife and daughter to maintain the same standard of living that they have been used to so until my daughter gets out of school I don't want her prestige to drop, I don't want her standard of living to drop. I have said to her many times that I will give her [my wife] $100 a month for a year." This testimony was objected to on the ground that it was irrelevant and that it took away from the jury the right to decide what amount would be fair and equitable for them to award to the wife as permanent alimony. It is inconceivable that a consideration of this evidence would in any way deprive the jury of its right to determine the amount of alimony which should be awarded to the plaintiff

wife. Hence the court erred in granting a new trial because of the allowance of this evidence over the objection urged thereto.

2. The assignments of error in Mrs. Johnson's cross bill complain of the court's failure to fully instruct the jury on the law respecting permanent alimony, of the admission of the parties' joint Federal income tax returns, and that portion of the charge which the court gave respecting their consideration of the evidence in determining what amount, if any, should be awarded as permanent alimony. These assignments of error have been carefully examined and are found to be without merit.

*Judgment reversed on the main bill of exceptions and affirmed on the cross bill of exceptions. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1964—DECIDED NOVEMBER 19, 1964.

*Claude Hambrick,* for plaintiff in error.
*Barrett & Hayes, Mose S. Hayes,* contra.

