44494. JONES v. ATKINS et al.

ARGUED JUNE 2, 1969—DECIDED OCTOBER 16, 1969.

*Ross & Finch, Baxter H. Finch, Charles E. McCranie,* for appellant.

*Parker & Smith, James I. Parker, Mundy, Gammage & Cummings, E. Lamar Gammage, Jr.,* for appellees.

QUILLIAN, Judge. ■ The evidence introduced on the trial revealed that the defendant Jones left the truck parked by the roadside and that the vehicle extended into the road two or three feet without any lights, flares or warning of any kind. There was no showing made that, as a matter of law, the deceased was guilty of such negligence as to bar recovery by his administratrix. Ground 1 of the enumeration of errors complains that the court erred in overruling the motion for new trial and insofar as it raises any question as to the sufficiency of the evidence is without merit.

■ The factual situation out of which grounds 2, 3 and 4 arose is as follows. Prior to the trial of the case the defendant Jones filed interrogatories addressed to the plaintiff. Interrogatory Number 33 requested a list of witnesses to the accident known by the plaintiff. The plaintiff answered "None" to this question. On the trial of the case the defendant objected to the testimony of the witness Eldon Ferguson on the ground that the plaintiff had not furnished his name and thus counsel had not had "an opportunity to discover and investigate the circumstances." In the alternative counsel for defendant moved for a mistrial. This objection was overruled. On the same day counsel for the plaintiff furnished a supplementary answer to Interrogatory Number 33 listing eight witnesses. Counsel for the defendant was apparently familiar with several of these witnesses and made no objection to their testimony; however, on the following day prior to the testimony of the witness, Mrs. W. E. Williams, counsel moved for a postponement, or in the alternative a mistrial, on the ground that the plaintiff's answer had not been timely and that the defendant needed time to discover this witness and take depositions. The same motion was made with regard to the witness, Mr. Ed Williams. Both objections were overruled. The evidence of these witnesses was critical since they gave the only direct evidence establishing the location of the truck as physically extending into the highway prior to the collision.

As pointed out in cases involved with this type of situation,

where a witness does not become known until shortly before trial and prompt answer is made upon discovery of such witness the court should not exclude the witness's testimony. See Anno., 27 ALR2d 737 and 4 Moore's Federal Practice (2d Ed.) 1254, § 26.19 [4]. Exclusion is proper only where a party deliberately withholds the names of his witnesses. See Ceco Steel Products Corp. v. H. K. Porter Co., 31 FRD 142.

However, the primary concern of the Federal rules, which have been followed by this State, is the prevention of surprise. While the witness's testimony should not be excluded, this does not mean that opposing counsel should not have some appropriate amount of time to interview such witness and to check the facts to which he would testify.

The rationale in *Nathan v. Duncan*, 113 Ga. App. 630, 641 (149 SE2d 383), where objection was made to the testimony of certain previously undisclosed witnesses, was "proper procedure when they were called to testify was not to object to their testifying or to the admission of their testimony, but to move for a postponement of the trial for a sufficient length of time to enable the defendant to interview them, check the facts to which they would testify, and, if indicated, arrange to secure rebuttal evidence or to impeach them. It would be an abuse of discretion, requiring the grant of a new trial, to refuse the postponement. If this should not come up until the trial was already under way and the court determined that a postponement was impracticable, a mistrial should be declared." See *Sather v. Lindahl*, 43 Wash. 463 (261 P2d 682). Here, of course, the trial judge should exercise his discretion as to the length of time that would be necessary for counsel; however, it was error, requiring the grant of a new trial, to allow no time whatsoever upon timely request.

■ Grounds 7 and 8 of the enumeration of errors are addressed to certain portions of the trial judge's charge in which he recited the allegations of plaintiff's complaint. The appellant contends that there was no evidence to support these allegations.

The rule is well settled that it is error to charge an issue of law not supported by any evidence; however, it is not reversible

error merely to restate the contentions made by the allegations of a party, even though some of the contentions be unsupported by evidence. *Armour & Co. v. Roberts,* 63 Ga. App. 846, 847 (12 SE2d 376); *Kirkland v. Wheeler,* 84 Ga. App. 352, 356 (66 SE2d 348); *Barbre v. Scott,* 75 Ga. App. 524, 534 (43 SE2d 760). Since as held in Division 2 this case must be retried, we point out that it was not harmful error for the trial judge merely to restate the allegations of the complaint, especially where, as here, he further instructed the jury that the pleadings were not evidence and that they would consider the evidence to determine whether the plaintiff's contentions were supported.

■ Ground 10 of the enumeration of errors complained of a portion of the trial judge's charge to which no objection was interposed within the time required by *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). This being so and there being no showing of harmful error within the meaning of that same Code section, we do not consider ground 10. *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (150 SE2d 271); *Roberts v. Halpern's Home Stores,* 119 Ga. App. 826 (1) (169 SE2d 177).

Because of the failure to grant the plaintiff's motion for a postponement a new trial must be granted.

*Judgment reversed. Pannell and Evans, JJ., concur.*