## 47689. STATE HIGHWAY DEPARTMENT v. STEVENS et al.

ARGUED JANUARY 2, 1973 — DECIDED FEBRUARY 19, 1973 — REHEARING DENIED MARCH 7, 1973 —

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans, Deputy Assistant Attorney General,* for appellant.

*Jones, Kemp & Osteen, Charles M. Jones,* for appellees.

DEEN, Judge. ■ There is testimony that of the total tract of land about 1,720 acres was high enough for subdivision purposes, that the waterfront land was the most valuable and some of the best waterfront land was being condemned; that comparable property approximately the same distance from the Savannah-Chatham County population center was selling for $9,000 and $10,000; that utilities were available; that bank financing was available; that the demand for waterfront residential property available to boats was great; that the highway diminished the value of adjoining land and cut some of it off without access except by boat or helicopter; that the subdivision plat exhibited to the jury was practicable; that it had been purchased and held as an investment for subdivision purposes for the past ten years. There were a number of maps, plats and aerial and other photographs in evidence, and the jury was actually taken to survey the site.

The real and only questions in this case were (a) what land use, if any, other than wild land the property may be put to, and (b) the value of such land use. The evidence that it could be turned into residential property was ample. The jury eventually gave a value verdict of less than 40% of the amount sought by the condemnee and

supported by expert testimony, but more than 16 times that offered by the condemnor. This case is by no means on a par with *Ga. Power Co. v. Livingston,* 103 Ga. App. 512 (119 SE2d 802), where the only testimony on the subject was a conclusory statement by a witness that "it might be possible that it would be a subdivision out there," and, as that opinion states: "At least a reasonable probability must be shown by competent evidence to authorize a jury to consider it in determining value." "In a condemnation case the trial judge may exercise his discretion to determine whether or not the evidence shows a reasonable probability that land can be used for a subdivision and, based on such determination, may admit or exclude evidence of the value of the land for subdivision use, and his discretion in admitting such evidence for consideration of the jury, or excluding it, will not be controlled unless it is abused." *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849 (1) (128 SE2d 520), and see *Moore v. State Hwy. Dept.,* 221 Ga. 392 (144 SE2d 747). The trial court properly allowed the question of subdivision use to go to the jury.

■ The fact that the condemnee's expert witness, Savadge, who drew the subdivision plat after examining the land, did not also appraise the property is completely irrelevant to the admissibility of his testimony. He was qualified as a land planner, visited the property, did research into its soil and drainage characteristics, seasonable high water table, known requirements for septic tanks, roads and development costs, and testified as an expert that he considered residential development the highest and best use of the property. As an expert, his opinion based on his investigations was admissible. Code § 38-1710.

■ An instruction of which the appellant complains states in part: "[Y]ou may consider the highest and best use to which the land may reasonably have been put, as shown by the evidence, and if you should conclude from

the evidence that the property involved in this case, both that taken and that claimed to have been damaged, could in reasonable probability have been used for salt water oriented subdivision purposes, you may take that into consideration in awarding damages, if you conclude from the evidence to award damages . . . I charge you that if you believe from the evidence that there was a reasonable probability that the lands could be used for a subdivision into lots for residential or commercial use, then you may determine the value of the land in this case by ascertaining from the evidence its value as property suitable for subdivision use at the time of taking, if that is the most valuable use to which it could be put at that time." As the appellant states in its brief, the "mere repetition of a correct and applicable principle of law in charge is not such error as requires reversal, unless repetition takes color or argumentative or opinionative utterance so as to tend to prejudice the jury," citing *Brown v. Brown,* 89 Ga. App. 428 (3) (80 SE2d 2) and *Laney v. Barr,* 61 Ga. App. 145 (6 SE2d 99). We have examined the charge as a whole and do not find it subject to the complaint that it is so prejudicially argumentative as to require reversal. It was not opinionative to allow the jury to decide that subdivision use *was* the highest and best use for this particular property. Complaint is also made that the court did not charge with equal specificity that if they found its best use to be wild timber land they should return a verdict in favor of the condemnor. Actually, the only error the charge might have contained is that the court, going beyond the contentions of the state, appeared to offer the jury an alternative of returning no value figure at all, by his statement, "You may take [subdivision use] into consideration in awarding damages *if you conclude from the evidence to award damages."* (Emphasis supplied.) It is undisputed that there was a taking of some hundred acres of land, and that land has some value; it is inconceivable that the jury would not

return a verdict in some amount, or that such a verdict, if received, could stand. It is frequently forgotten in eminent domain cases that the question is not *whether* but *how much;* the jury is not at liberty to return a verdict for less than just and adequate compensation, whatever that amount may be. Code § 36-504.

■ It is not a ground for a motion for new trial based on newly discovered evidence that the plaintiff did not anticipate which contentions would be made by the defendant relative to the physical state or use of the property. *Fox v. Lofton,* 185 Ga. 456 (2) (195 SE 573). The alleged newly discovered evidence here is the affidavit of a proposed witness who was employed after the verdict in this case to investigate the feasibility of using septic tanks on the land contended by the condemnee to have been held for subdivision purposes, and who stated that his investigation revealed most of it was too low to make septic tank disposal feasible.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*