### 38435. BREWER v. BREWER.

MARSHALL, Justice.

The appellee-former wife filed a complaint for divorce against the appellant-former husband. In the complaint, she sought, among other things, a divorce on grounds of cruel treatment, alimony, and property division. The appellant filed a counterclaim for divorce on grounds of adultery. The appellee then amended her complaint to allege that the parties' marriage was irretrievably broken, and a divorce on the pleadings was granted on that ground.

A hearing was conducted on remaining issues. The jury returned a verdict awarding alimony and child support to the appellee, and final judgment was entered thereon. The appellant appeals, enumerating as error various rulings of the trial judge during the course of the trial.

1. First, the appellant complains of the trial judge's refusal to allow the appellee's alleged paramour to be called as a witness, on the ground that he had taken the Fifth Amendment in a deposition he had given before trial.

*Simpson v. Simpson,* 233 Ga. 17 (209 SE2d 611) (1974), holds that although no inference of guilt can be drawn from a privileged refusal to testify in a criminal case, and although the exercise of the

privilege in a civil case cannot be used in a subsequent criminal case against the party, it is permissible to draw an unfavorable inference in a civil case from the privileged refusal to testify in that case.

Under *Simpson,* the trial judge erred in refusing to allow the alleged paramour to testify here.

2. Second, the appellant argues that the trial judge erred in refusing to admit the testimony of a private investigator employed by the appellant, on the ground that the investigator had not complied with an order of the court commanding him to give his deposition.

Although the investigator did not appear and give his deposition at the time specified in the court order, he did subsequently give his deposition and the deposition has been made a part of the record. Thus, whether or not the trial judge was authorized to refuse to admit his testimony at the hearing below, see generally Code Ann. § 81A-137, *Dept. of Transp. v. Livaditis,* 129 Ga. App. 358 (2) (199 SE2d 573) (1973), his testimony should be admitted at the retrial.

3. Third, the appellant argues that the trial judge erred in refusing to admit the testimony of another witness whom the appellant sought to have testify, on the ground that this witness' name had not been included in a response to an interrogatory of the appellee requesting a list of the appellant's witnesses.

Exclusion of a witness is proper only where there has been a deliberate suppression of the witness' name. *Jones v. Atkins,* 120 Ga. App. 487 (2) (171 SE2d 367) (1969). There could hardly have been a suppression of the name of the witness under consideration here, since this witness, who was called to testify on behalf of the appellant, was actually subpoenaed by the appellee. Therefore, the witness' testimony should not have been excluded, although it would certainly have been proper to have given the appellee an appropriate amount of time to interview the witness and check the facts to which she would testify before she was allowed to testify. *Jones v. Atkins,* supra.

4. Finally, the appellant complains of the trial judge's refusal to allow him to give oral testimony as to the contents of certain checks, which he alleged were in payment of the interest on promissory notes he had executed during the pendency of this litigation as rollovers of earlier indebtednesses. The appellant sought to introduce this testimony in order to show that he was not in contempt of a court order prohibiting him from dissipating the assets of his estate during the divorce litigation.

The trial court disallowed this testimony regarding disbursement of these funds by check. The basis of the exclusion was, "If there is writing that establishes evidence, the rule is the highest and best evidence is the document." Here, it is not the content of a writing which is in issue, but the fact of payment of an obligation or

other disbursement of funds. That fact may be proved by oral testimony. The circumstance that a check exists which may also be used to establish that fact does not invoke the best-evidence rule. *Merrill Lynch &c. Inc. v. Zimmerman,* 248 Ga. 580 (285 SE2d 181) (1981).

*Judgment reversed. All the Justices concur.*

DECIDED MAY 25, 1982 —
REHEARING DENIED JUNE 22, 1982.

*Barnes & Browning, Thomas J. Browning, Zachary & Seagraves, William E. Zachary, Sr.,* for appellant.

*Decker, Cooper & Hallman, Richard P. Decker, Robert A. Moss,* for appellee.