A93A1101. BANKHEAD et al. v. MOSS.
(436 SE2d 723)

JOHNSON, Judge.

Gerald and Pauline Bankhead appeal the trial court's order awarding attorney fees and expenses of litigation to Randy Moss pursuant to OCGA § 9-15-14. The Bankheads sued Moss and Swat, Inc., asserting various claims arising out of the Bankheads' purchase of a home from Moss for which Swat provided a termite inspection report prior to closing. The complaint alleges that Moss fraudulently con-

cealed termite infestation and damage about which he knew or should have known and that he knew of material misrepresentations in the inspection report prepared by Swat. The trial court granted Moss' motion for summary judgment, and this court affirmed that ruling in an unpublished decision, finding there was no evidence Moss had the alleged knowledge. *Bankhead v. Swat*, 204 Ga. App. XXX (1992). After a hearing, the trial court granted Moss' motion under OCGA § 9-15-14 (a) and (b) for attorney fees and expenses incurred in defending the action prior to appeal and for "expenses in attorney fees incurred as a result of the appeal."

1. In four enumerations of error, the Bankheads contend the trial court erred in awarding Moss attorney fees and expenses under OCGA § 9-15-14 because their claim against him had some factual merit. Specifically, they contend that prior to filing suit they were aware of deposition testimony of the principal of Swat, Michael Dunn, in another case against Swat and of certain statements of neighbors which led them to believe Moss had knowledge of the termite infestation. They contend that while much of this evidence was deemed inadmissible at the summary judgment stage, it provided justification for their filing suit against Moss.

OCGA § 9-15-14 (a) provides for a mandatory award of attorney fees and expenses where a party asserts a claim as to which "there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim." The standard of review for this section is the "any evidence" rule. *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987). OCGA § 9-15-14 (b) provides for a discretionary award of fees and expenses if the court "finds that an attorney or party brought . . . an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . ." The standard of review for this section is the "abuse of discretion" rule. *Haggard*, supra at 527 (4) (c). The trial court awarded Moss attorney fees and expenses, finding there was no evidence that he knew of any infestation or damage to the premises or that the termite report contained misrepresentations of true facts. The court thus found that the charge of concealment "lacked any facts that any court would accept to allow the [Bankheads] to maintain" suit against Moss.

The Bankheads point to their knowledge about Dunn's testimony in the earlier case against Swat indicating that Moss had seen termites at the back sliding glass door and that the termite report incorrectly stated that the property was not covered under a treatment contract. They also rely on a statement by a neighbor that he and

Moss had discussed termites being in their backyards and statements by another neighbor that Moss' wife had mentioned having termites in the house. As this court noted, however, in its previous opinion, the fact that termites swarmed around the yard and once crawled along the sliding glass door does not demonstrate that Moss had actual knowledge that termites had infested or damaged the house and without such knowledge Moss could not be held liable for concealment of termite damage. The statement by the neighbor that Moss' wife had mentioned having termites was hearsay and thus provided no competent evidence of actual knowledge on Moss' part.

Finally, even assuming the termite report mischaracterized the contractual relationship between Moss and Swat as not being a "treatment contract," as this court noted in its earlier opinion, this statement does not establish the Bankheads' claim against Moss for concealment of termite infestation or damage.

The Bankheads had no basis for an action against Moss and they could have made this determination with a minimum amount of diligence. See *Haggard*, supra at 527 (4) (b). The record thus supports the trial court's award under both the "any evidence" standard and the "abuse of discretion" standard. Accordingly, we affirm that portion of the order awarding attorney fees and expenses of litigation incurred in defending the action prior to appeal.

2. Bankhead also contends the trial court erred in awarding Moss expenses pursuant to OCGA § 9-15-14 for attorney fees incurred in defending the earlier appeal. This court has previously held that OCGA § 9-15-14 does not authorize a trial court to award attorney fees and expenses of litigation for proceedings before the appellate courts of this state. *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991). We therefore reverse this portion of the award and remand to the trial court to enter a revised award in accordance with this opinion.

*Judgment affirmed in part, reversed in part, and case remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 12, 1993.

*Harry A. Osborne*, for appellants.
*Albert B. Wallace, Stephen B. Wallace II, Drew, Eckl & Farnham, B. Holland Pritchard*, for appellee.