A99A0788. ELLIOTT et al. v. HENRY COUNTY WATER & SEWERAGE AUTHORITY.

(517 SE2d 545)

Judge Harold R. Banke.

Henry County Water & Sewerage Authority condemned approximately 50 acres of land owned by Silas and Betty Elliott. The Elliotts appealed the special master's award of $137,000 to Henry County Superior Court (see OCGA § 22-2-112), and a jury awarded $144,000. The Elliotts appeal to this Court, asserting five errors by the superior court: (i) sua sponte striking certain cross-examination testimony of an expert as irrelevant; (ii) striking Silas Elliott's testimony regarding an unsubstantiated comparable sale; (iii) refusing to allow the Elliotts to use an unauthenticated plat for demonstrative purposes; (iv) instructing the jury that it should not consider other uses of the property if such use were a mere possibility; and (v) entering judgment on the verdict. *Held*:

1. The Authority presented two expert witnesses who valued the property at $137,000. As part of their experience qualifying them to give valuations, both experts indicated they had appraised property for estates for estate tax purposes. On cross-examination of the second expert, the Elliotts' counsel asked him several questions about how taxes are reduced on estate tax returns by lower property appraisals; the expert was generally equivocal about such. Sua sponte, the court interrupted the questioning and asked for its relevance. Not allowing counsel to respond, the court then stated that counsel's questions reflected an inaccurate understanding of estate tax precepts, and that he would not allow the jury to be misled. Ruling that the expert was unqualified to respond to the questions, the court sustained its own objection to the questions as irrelevant, immaterial, and inadmissible. The court also struck the equivocal responses to the tax questions. The Elliotts claim the court abridged their right to a thorough and sifting cross-examination (OCGA § 24-9-64) and argue the stricken testimony discredited the appraisers.

A party is entitled to a thorough and sifting cross-examination of a witness, but the scope of such cross-examination is within the sound discretion of the trial court which may curtail inquiries that

are not relevant or material. *Daniels v. State*, 235 Ga. App. 296, 297 (1) (509 SE2d 368) (1998); see generally *Duckworth v. State*, 223 Ga. App. 250, 251-253 (1) (477 SE2d 336) (1996), aff'd, 268 Ga. 566 (492 SE2d 201) (1997).

The court erred in striking the testimony and in stopping the line of inquiry. The clear import of the questions was to demonstrate that the two experts' experience in appraising properties for estates had colored their perspective. The Elliotts sought to show that tax laws encouraged estates to have properties valued at lower amounts to minimize estate tax liabilities. Because the estates paying the experts for the valuations may have indicated a desire for a lower amount, the experts may have acquiesced and grown accustomed to minimizing values.

Indicative of the relevance of this line of inquiry is the silence of the Authority's counsel at trial, who made no objection nor argument on the issue. The court's refusal to allow the Elliotts' counsel to explain the relevance of the questions deprived them of the opportunity to link the inquiries to the credibility of the experts. They were denied their right to a thorough and sifting cross-examination of the experts, whose testimony was critical to the ultimate valuation question. Reversal is required. See *Snelling v. State*, 215 Ga. App. 263 (1) (450 SE2d 299) (1994); *McGinty v. State*, 59 Ga. App. 675, hn. 1 (2 SE2d 134) (1939).

Because we reverse, we exercise our discretion to consider the enumerations of error that may have an impact on the re-trial.

2. In establishing the basis for his valuation of the property at $500,000, Silas Elliott testified he "believed" some nearby property sold for $5,400 per acre. He conceded he did not know the parties to the sale and that he only "believed" the $5,400 amount was correct. At the request of the Authority, the court struck the testimony as hearsay and speculative.

Hearsay testimony is generally inadmissible. See OCGA § 24-3-1 (b); *Dept. of Transp. v. Shugart*, 198 Ga. App. 884, 885 (2) (403 SE2d 870) (1991). True, to give a valuation a condemnee must first set forth the basis for his opinion, which may in part include reliable hearsay. *State Highway Dept. v. Parker*, 114 Ga. App. 270, 273 (2) (150 SE2d 875) (1966). But the hearsay at issue was unreliable, for its source could not be identified and Mr. Elliott qualified his testimony as only a belief. See *Wade v. State*, 261 Ga. 105, 108 (7) (401 SE2d 701) (1991). The court did not err in striking the testimony.

3. Because the court allowed the Elliotts to refer to the demonstrative plat during their case, the third enumeration of error is moot. During their testimony Silas Elliott and his wife both pointed to a visual exhibit reflecting the sizes and relative locations of the two adjoining properties.

4. The Elliotts contend the court erred in giving the following instruction:

> The mere possibility that land might be used for a certain purpose is not enough to authorize a jury to consider the effect of such a possibility in determining the value of land. At least a reasonable probability must be shown by competent evidence to authorize consideration of such a prospective use in determining the value.

This language comes from *Ga. Power Co. v. Livingston*, 103 Ga. App. 512, 513 (3) (119 SE2d 802) (1961). See *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 713 (225 SE2d 80) (1976), and *State Hwy. Dept. v. Stevens*, 128 Ga. App. 418, 420 (3) (196 SE2d 890) (1973), which approved similar jury charges.

OCGA § 22-2-62 (d), applicable to special master proceedings and corresponding jury trials (OCGA § 22-2-108), directs that in determining the value of the property or interest the trier of fact is not restricted to the agricultural or productive qualities of the land. "[I]nquiry may be made as to all other legitimate purposes to which the property or interest could be appropriated." OCGA § 22-2-62 (d). "It is appropriate for a jury to be allowed to inquire into all legitimate purposes, capabilities and uses to which the property might be adapted, *provided that such use is reasonable and probable and not remote or speculative*." (Citations and punctuation omitted; emphasis in original.) *Flint v. Dept. of Transp.*, 223 Ga. App. 815, 817 (1) (479 SE2d 160) (1996). Further,

> [t]he fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation. It must be shown that such use of the property is so reasonably probable as to have an effect on the *present value* of the land.

(Citations and punctuation omitted; emphasis in original.) *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992).

The Elliotts argue that no evidence supported the giving of this instruction. In effect, they contend that the jury was required as a matter of law to find that the use of this land as a residential subdivision was reasonably probable. Yet in their appellate brief they concede that "no plats purporting to show a proposed subdivision had been ordered, nor had the property been rezoned for a subdivision on the date of taking." The land was undeveloped. Moreover, they had removed all merchantable timber from the land, leaving it unsightly and less desirable for residential development. The evidence sup-

ported an instruction that the jury would decide whether the prospective use of the property for a residential subdivision was a mere possibility and not reasonably probable. See generally *Southern Bell Tel. &c. Co. v. Don Hammond, Inc.*, 198 Ga. App. 517, 518 (402 SE2d 112) (1991).

5. The fifth enumeration of error is moot.

*Judgment reversed and case remanded. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 7, 1999.

*Albert B. Wallace, Stephen B. Wallace II*, for appellants.

*Smith, Welch, Studdard & Brittain, A. J. Welch, Jr., Katharyne C. Johnson*, for appellee.