A03A1237. SHEPHERD INTERIORS, INC. v. CITY OF ATLANTA.
(589 SE2d 640)

SMITH, Chief Judge.

Shepherd Interiors, Inc. appeals from the judgment entered on a jury verdict in a condemnation case, asserting as error a number of evidentiary rulings by the trial court. Because we find the trial court erred both in refusing Shepherd the opportunity to interview the City of Atlanta's undisclosed witness and in refusing to admit evidence to impeach that witness, we reverse.

Shepherd owned a parcel of property on Roswell Road adjoining Nancy Creek. The City of Atlanta condemned Shepherd's property as part of the Nancy Creek Tunnel Project. The parties disagreed on the value of the property, and a determination of its value hinged on whether the property could be used or improved. The city contended the property was worth only $80,400 because it lay within a flood plain and therefore could not be used or developed. Shepherd contended, however, that the property could be taken out of the flood plain and developed and thus was worth $725,000. The jury returned a verdict for $84,420 as the value of the property.

1. During the trial, the city questioned a real estate appraiser with regard to whether the property could be graded or improved.

---

The witness testified that it could not, basing his conclusion upon his conversations with Westerfield, a city employee. The city then called Westerfield as a witness. He had never been identified as a witness in response to discovery; while his name ostensibly appeared in the city's portion of the pretrial order as a "may call" witness, that document does not appear in the record and apparently was not served on Shepherd until the case was actually called for trial. After Westerfield was called to the stand, Shepherd requested that it be given "just a few minutes" to interview Westerfield to determine what his testimony would be. The trial court simply responded, "No, sir."

This was error. OCGA § 9-11-26 (e) (2) imposes a duty on a party to supplement answers to interrogatories when new information comes to its attention and "the undisclosed matter may be a source of 'surprise' at trial to the party making the discovery." *Hanna Creative Enterprises v. Alterman Foods*, 156 Ga. App. 376, 378 (2) (274 SE2d 761) (1980).

> [W]hen a party claims, during the course of trial, that he has been "surprised" by evidence of a potentially "critical" nature which should have been disclosed under discovery, it is error to fail to grant a motion for mistrial on that basis unless the trial court determines that a mere postponement of the trial would suffice to rectify the inequity of forcing the "surprised" party to continue the litigation.

(Citations omitted.) Id. at 379.

> [W]here objection was made to the testimony of certain previously undisclosed witnesses, [the] proper procedure when they were called to testify was not to object to their testifying or to the admission of their testimony, but to move for a postponement of the trial for a sufficient length of time to enable the defendant to interview them, check the facts to which they would testify, and, if indicated, arrange to secure rebuttal evidence or to impeach them. *It would be an abuse of discretion, requiring the grant of a new trial, to refuse the postponement. . . .* Here, of course, the trial judge should exercise his discretion as to the length of time that would be necessary for counsel; however, it was error, requiring the grant of a new trial, to allow no time whatsoever upon timely request.

(Citations and punctuation omitted; emphasis supplied.) *Jones v. Atkins*, 120 Ga. App. 487, 491 (2) (171 SE2d 367) (1969). Here, not only did Westerfield's testimony directly support the city's main con-

tention, that Shepherd's property could not be developed or removed from the flood plain, the city's appraiser also based his valuation on Westerfield's representations to that effect. Westerfield's testimony therefore was "critical" within the meaning of *Hanna*.

The cases cited by the city are distinguished because in those cases the witness was disclosed well before the day of trial and the party was afforded some period of time to investigate the witness, *Gen. Motors Corp. v. Blake*, 237 Ga. App. 426, 428 (1) (515 SE2d 166) (1999) (witness identified " 'a week or so earlier' "), *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 480 (6) (491 SE2d 909) (1997) (trial court granted one-day continuance for deposition of witness), or the party requested an inappropriate remedy such as exclusion of the testimony rather than a continuance. *Brewer v. Brewer*, 249 Ga. 517, 518 (3) (291 SE2d 696) (1982) (relying on *Jones*, supra); *Sackett v. L. L. Minor Co.*, 244 Ga. 375-376 (1) (260 SE2d 37) (1979); *Nathan v. Duncan*, 113 Ga. App. 630, 641 (7) (149 SE2d 383) (1966) (predating Civil Practice Act). Here, the trial court refused to allow even "a few minutes" for Shepherd to question the witness.

The city's contention that it adequately identified Westerfield in its interrogatory responses by naming a general category of possible fact witnesses is without merit. A mere recitation that "representatives and employees of the City of Atlanta" may have knowledge of the facts and circumstances surrounding the case does not reasonably enable an opposing party to identify and interview any individual witness. The failure to disclose a witness is also not cured by submitting a list of "may call" witnesses as the trial begins. Shepherd had no opportunity as the trial began to interview an indeterminate number of witnesses named in a proposed pretrial order that was never made part of the record. The trial court erred in summarily denying Shepherd the opportunity to interview a previously undisclosed witness.

2. The trial court also erred in prohibiting Shepherd from questioning the city's appraiser regarding whether the situation of Shepherd's property within the flood plain could be changed or whether the property could be developed through flood plain or wetland mitigation. "The Georgia rule favors admissibility. If the relevancy of the offered evidence is in doubt, it should be admitted and sent to the jury under proper instructions. This is true no matter how slight the probative value, and even though it is prejudicial to the opposing party." (Punctuation and footnote omitted.) *Scott v. Battle*, 249 Ga. App. 618, 620 (2) (548 SE2d 124) (2001). And evidence of the value of the property is not restricted to its use at the time of the condemnation.

Inquiry may be made as to all other legitimate purposes to which the property or interest could be appropriated. It is appropriate for a jury to be allowed to inquire into all legitimate purposes, capabilities and uses to which the property might be adapted, provided that such use is reasonable and probable and not remote or speculative. Further, the fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation. It must be shown that such use of the property is so reasonably probable as to have an effect on the present value of the land.

(Citations, punctuation and emphasis omitted.) *Elliott v. Henry County Water &c. Auth.*, 238 Ga. App. 15, 17 (4) (517 SE2d 545) (1999).

The city's case supporting its valuation of the property at the time of the condemnation rested almost entirely upon the property's location within the flood plain and the city's contention that the property was not subject to mitigation. The city's real estate appraiser directly testified that the property's location within the flood plain reduced its value by a factor of 90 percent. He further testified that the property could not be graded or improved. As noted in Division 1, the city's witness Westerfield testified to the same effect.

Because the city relied directly on this testimony to arrive at the value of the property at the time of the condemnation, evidence contradicting the city's witnesses and showing that the property could be and in fact was removed from the flood plain and developed was highly relevant to the issue of its value. The jury should have received the evidence under appropriate instruction to determine whether the future use was probable or merely possible. *Elliott*, supra. The trial court erred in excluding it.

3. Shepherd also complains that the trial court improperly limited the testimony of its expert witnesses with respect to the facts underlying their opinions. Given our rulings in this appeal, the testimony is unlikely to unfold in precisely the same manner or be subject to the same restrictions imposed at the first trial. We note, however, that

[w]hile it is not necessary that an expert witness state the facts upon which he bases his opinion, it is error to refuse to permit him to do so for the purpose of showing the basis of the opinion. It matters not whether the facts are sought from the witness while on direct or on cross examination. These may or may not be admissible as direct proof of value, depending upon their nature, but they are generally admis-

sible for showing the basis of the expert's opinion as to value and for enabling the jury to evaluate its weight.

(Citations and punctuation omitted.) *McDaniel v. Dept. of Transp.*, 200 Ga. App. 674, 675 (1) (409 SE2d 552) (1991) (full concurrence in Division 1).

4. Finally, Shepherd also contends the trial court erred in refusing to allow Shepherd to impeach Westerfield with a certified copy of a public record. The alleged error is unlikely to recur, as this witness has now been disclosed. To the extent, however, that Shepherd sought to impeach Westerfield "by disproving the facts testified to by him," OCGA § 24-9-82, impeachment should have been allowed. In a condemnation case, we have held that curtailing the cross-examination of an appraiser to exclude questions going to the credibility of an expert witness denied the landowners "their right to a thorough and sifting cross-examination of the experts, whose testimony was critical to the ultimate valuation question" and required reversal. *Elliott*, supra at 16 (1).

For these reasons, we reverse the judgment and remand for a new trial.

*Judgment reversed and case remanded. Ruffin, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 4, 2003.

*Caldwell & Watson, Harmon W. Caldwell, Jr., Robert S. Carlson,* for appellant.

*Holland & Knight, Jason P. Wright, James M. Hunter*, for appellee.