## S06F1183. MOXLEY v. MOXLEY.
### (638 SE2d 284)

BENHAM, Justice.

Glenn Moxley (hereinafter, Husband) seeks reversal of the final judgment and decree of divorce entered in an action initiated by Emily Moxley (hereinafter, Wife).

1. Having called Husband for cross-examination, Wife's counsel asked whether he would object to Wife being awarded their wide-screen television. When Husband responded that he just wanted the jury to do what was fair, the inquiry was expanded to seek his opinion of what would be fair regarding alimony and property division. The trial court, over Husband's objection, permitted the line of questioning and Husband testified he thought a fair resolution would be to sell all marital assets and divide the proceeds equally. Husband contends on appeal as he did in the trial court that the questioning was improper because it invaded the province of the jury. Pretermitting the correctness of the trial court's ruling (but see *Johnson v. Johnson*, 220 Ga. 461 (1) (139 SE2d 489) (1964) (husband's testimony giving opinion on proper alimony did not deprive jury of right to determine alimony)), we note that Husband's counsel asked essentially the same question on direct examination, rendering any error with regard to that testimony harmless. *Flowers v. Union Carbide Corp.*, 271 Ga. App. 438 (3) (a) (610 SE2d 109) (2005).

2. Husband complains of the trial court's admission into evidence of a financial affidavit prepared by Husband several months prior to trial. Husband contends the affidavit was not relevant to any issue at trial and was unfairly prejudicial because it made it appear he had attempted to hide assets. Whether to admit evidence objected to on the ground of relevancy is within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion. *Zaimis v. Sharis*, 275 Ga. 532 (3) (570 SE2d 313) (2002). See also *Lindsey v. Turner*, 279 Ga. App. 595 (2) (631 SE2d 789) (2006) (rulings regarding relevancy not reversed absent abuse of discretion; evidence of doubtful relevancy to be admitted and its weight left to jury). Considering Wife's position at trial that Husband had hidden or dissipated assets during the pendency of the divorce proceedings, we see no abuse of discretion in the trial court's rejection of Husband's relevancy objection.

3. Noting that he had requested in interrogatories the names of all persons with information about the case, Husband moved prior to the commencement of trial to exclude the testimony of any witnesses not identified in the answers to the interrogatories. Specifically, Husband sought exclusion of the testimony of a particular witness who was related to Husband's lover and lived near her. The trial court refused to exclude the witness and gave Husband's attorney an opportunity to interview the witness before she was called to testify. The proper procedure under such circumstances is for the trial court to afford the objecting party a sufficient length of time to interview the witness, check the facts, and arrange for rebuttal witnesses if necessary, the appropriate length of time being a matter of the trial court's discretion. *Shepherd Interiors v. City of Atlanta*, 263 Ga. App. 869 (1) (589 SE2d 640) (2003). Since the trial court followed that procedure, no error appears unless the time allowed was so short as to constitute an abuse of discretion. Id. While the record does not indicate the exact length of time the trial court allowed, Husband did not contend at trial that the time was insufficient. Furthermore, the record shows Husband and his counsel had been aware of the witness for two months prior to trial and had not availed themselves of the opportunity to interview her. Under those circumstances, we find no abuse of discretion in the trial court's handling of this matter.

4. Over Husband's hearsay objection, the trial court permitted Wife's counsel to elicit from a witness called by Wife testimony regarding statements made by Husband's lover to the witness. Husband enumerates as error the admission of that testimony on the ground it was prejudicial hearsay.

The next witness called by Wife after the one whose testimony is the subject of Husband's enumeration of error was Husband's lover. Wife's counsel asked her specifically whether she had made the various statements attributed to her by the previous witness and Husband's lover denied making the statements. Under OCGA §§ 24-9-81[1] and 24-9-83,[2] the testimony of which Husband complains would have been admissible to impeach the testimony of Husband's lover. See *Knight v. State*, 266 Ga. 47 (4) (c) (464 SE2d 201) (1995) (party authorized to use prior inconsistent statement to impeach witness it called). While the timing of the impeaching testimony, prior to the

---

[1] The version of OCGA § 24-9-81 in effect in 2004 when the trial took place provided as follows: "A party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement." Effective July 1, 2005, that statute provides as follows: "Any party, including the party calling the witness, may attack the credibility of a witness."

[2] "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case."

testimony sought to be impeached, made the admission improper (*Davis v. Stewart*, 169 Ga. App. 733, 734 (3) (315 SE2d 6) (1984) ("It is elementary that a witness cannot be impeached . . . in anticipation of his testimony.")), we perceive no harm in the error since the witness to be impeached was called as a witness and questioned about the contradictory statements. "In order to have reversible error, there must be harm as well as error and the lack of harm makes this enumeration of error without merit. [Cit.]" *Prather v. State*, 275 Ga. 268, 271 (3) (564 SE2d 447) (2002).

5. During cross-examination of Husband, Wife's counsel questioned him about a particular financial transaction purportedly represented on a document which counsel showed to him. Husband denied any knowledge of the document and initially denied any knowledge of the transaction regarding the document that had been shown to him. After being asked about specific entries on the document, however, he testified he recognized several loan accounts shown on the document and admitted to the correctness of those, and then testified he remembered the questioned transaction and explained it. Over Husband's objection that the document had not been authenticated or identified, the trial court admitted the document into evidence. Assuming the document's admission was error, it was merely cumulative of Husband's testimony regarding the purchase and redemption of the certificate of deposit which was the topic of the examination in aid of which the document was used. Under those circumstances, the error was harmless. *Jafari v. Simpson Organization*, 214 Ga. App. 589 (2) (448 SE2d 493) (1994).

6. After closing argument had concluded and the jury had been charged and had begun its deliberation, Husband contended Wife's counsel had made an improper argument and moved for a mistrial. The proper time to object to improper argument is when it occurs. *Mullins v. Thompson*, 274 Ga. 366 (2) (553 SE2d 154) (2001). Because the record reveals no objection to the argument and the motion for mistrial was made at the conclusion of the trial, after argument and jury charges had concluded and the jury had retired, the motion was not timely. The test for reversible error under those circumstances is whether there is a reasonable probability the improper argument changed the result of the trial. Id. Our review of the record persuades us there is no such reasonable probability here.

7. Finally, Husband contends the evidence at trial was strongly against the jury's verdict. Whether a jury verdict is contrary to the weight of the evidence is a question for the trial court, and where the trial court has accepted the verdict, the only question for an appellate court is whether there is any evidence sufficient to authorize the verdict. *Jackson v. Neese*, 276 Ga. App. 724 (3) (624 SE2d 139) (2005). The jury in this case having been presented with evidence of the

parties' assets and liabilities and of their disparate earning power, we find the evidence sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 28, 2006.

*Shaffer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond*, for appellant.

*Carmel W. Sanders*, for appellee.