## S09A0600. DOWA ENTERPRISES, INC. et al. v. STANFORD ELLINGTON POST 6647, VETERANS OF FOREIGN WARS OF THE UNITED STATES.

(687 SE2d 469)

NAHMIAS, Justice.

This case involves a property dispute in Upson County between the local post of the Veterans of Foreign Wars ("VFW") and the post's former leaders. In 2001, two of the post's officers and trustees, Don Ziegler and Wayne Brasiel, purchased the post's land and clubhouse for far below market value through a company they formed specifically to purchase the property. When the State Office of the VFW learned of the sale, it put the local chapter in trusteeship, seized its books, and removed the leaders involved. The local post then sued the former leaders and their company to cancel the 2001 deed and quiet title to the property in the post. A jury found in the post's favor, and judgment was entered on the jury's verdict. The former leaders and their company appeal. For the reasons that follow, we affirm.

1. In 1948, the local posts of the VFW and the American Legion joined forces to build a clubhouse on 7.62 acres of land they jointly acquired in Upson County, Georgia. In the early 1990s, the American Legion post conveyed its interest to the VFW post, making the VFW's Stanford Ellington Post 6647 ("Post 6647") the sole owner of the clubhouse and surrounding acreage. On September 30, 2000, a report issued by Post 6647 estimated the value of the land and clubhouse to be $250,000 and the value of the post's associated personal property to be $100,000 (the "Property"). Thus, according to Post 6647's own accounting, the Property was worth $350,000 in September 2000.

In late 2001, two of Post 6647's officers, Assistant Quartermaster/Secretary Wayne Brasiel and Quartermaster Don Ziegler, now deceased, purchased the Property for just $70,000 through a corporation they formed specifically for that purpose, DOWA Enterprises, Inc. ("DOWA"). Post Commander William G. Howell approved the sale, as did whatever members were present at the regular November 2001 meeting. The Property had never been advertised for sale, no "For Sale" sign had been erected, a realtor was never hired, and no target price for the sale was ever set. Brasiel signed a closing document falsely stating that the sale complied with all requirements of the VFW's 2001 Congressional Charter and By-Laws and Manual of Procedure and Ritual ("VFW Manual") to transfer the Property.

The VFW's State Office in Macon learned of the sale in early 2002 when Ziegler attempted to increase the quartermaster bond. The State Office declared the sale illegal, seized Post 6647's books

and records, impounded the $70,000 purchase price, and placed the post in trusteeship. The State Office later court-martialed Ziegler, Brasiel, and Howell and terminated their VFW memberships for life.

Post 6647 filed a complaint against DOWA, Ziegler's estate, Brasiel, and Howell ("DOWA Parties") to cancel the 2001 deed, to quiet title to the Property, and for other relief. The case proceeded to trial, where the jury found fraud on the part of the DOWA Parties. On August 29, 2008, the trial court entered a judgment cancelling the 2001 deed, transferring title to the Property back to Post 6647, and awarding other relief. The trial court denied a motion for new trial on October 23, 2008, and the DOWA Parties appealed.

2. The DOWA Parties contend that the trial court abused its discretion in admitting the VFW Manual into evidence, over their objection, because it was irrelevant to the issues in the case and was unduly prejudicial to them. However, the VFW Manual was binding on Ziegler, Brasiel, and Howell, and Brasiel signed a document at the 2001 closing falsely certifying that Howell and Ziegler had the authority to convey the Property under the VFW Manual. Thus, the VFW Manual was clearly relevant to Post 6647's challenged transfer of the Property to DOWA, and while it may have harmed the DOWA Parties' case, that was due to its probative value, not any undue prejudice. Accordingly, the trial court did not abuse its discretion in admitting the VFW Manual. See *Moxley v. Moxley*, 281 Ga. 326, 326 (638 SE2d 284) (2006) (holding that the decision to admit or exclude evidence is committed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion).

3. The DOWA Parties claim that the trial court erred by allowing Post 6647 to ask Brasiel and Howell at trial if their VFW membership had been terminated by the State Office, contending that this information was irrelevant and unduly prejudicial. The trial court allowed Post 6647 to ask Brasiel and Howell if their VFW memberships had been terminated by the State Office but barred any mention of their courts-martial and any inquiry into the reasons behind the terminations. The relationship between Post 6647 and Brasiel, Howell, and Ziegler and their authority to act on behalf of Post 6647 were central issues in the case, and one of the references to the terminations was volunteered by Howell without being asked. The trial court did not abuse its discretion in its balanced ruling regarding the extent to which the termination of their VFW memberships could be inquired into at trial. See *Moxley*, 281 Ga. at 326.

4. The DOWA Parties assert that the trial court erroneously charged the jury as follows: "When one person is placed in such relationship to another that they both become interested in any subject or property, they're prohibited from acquiring rights in that subject property in conflict with one another." According to the

DOWA Parties, the charge incorrectly suggested that a confidential relationship existed between Post 6647 and the DOWA Parties. However, the DOWA Parties did not object to the giving of the charge, and they cannot now complain of it on appeal. See *Fletcher v. Ellenburg*, 279 Ga. 52, 56 (609 SE2d 337) (2005). In any event, because Howell, Ziegler, and Brasiel were officers of Post 6647, the evidence supported the giving of the charge. See *Pope v. Propst*, 179 Ga. App. 211, 215 (345 SE2d 880) (1986).

5. Finally, the DOWA Parties argue that the trial court erred in denying their motion for directed verdict because the record contains no evidence of any misrepresentations on their part. In fact, the record contains evidence of numerous misrepresentations by the DOWA Parties, including Brasiel's signature on a closing document falsely stating that Ziegler and Howell had the authority, pursuant to the VFW Manual, to convey the Property to DOWA on Post 6647's behalf. If there was any evidence to support the jury's verdict, the denial of a motion for directed verdict must be affirmed. See *Rabun County v. Mountain Creek Estates, LLC*, 280 Ga. 855, 858 (632 SE2d 140) (2006). That standard was easily satisfied in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 23, 2009 —
RECONSIDERATION DENIED DECEMBER 15, 2009.

*Richard T. Bridges*, for appellant.
*Irvin & Smith, Mark M. Irvin*, for appellee.