A10A1351, A10A1352. RESCIGNO v. VESALI; and vice versa.
(703 SE2d 65)

MILLER, Chief Judge.

Tracy L. Rescigno filed the underlying suit for wrongful eviction and the recovery of personalty against Bizhan Vesali alleging her status as a tenant at will incident to an oral lease. Shortly thereafter Rescigno moved to disqualify Vesali's attorney, Louis Richard Cohan, and Weinstock & Scavo ("W&S" or the "firm"), Cohan's law firm, because Adam M. Gleklen, also of W&S, represented Rescigno in defense of a legitimation and custody complaint filed against her by

Michael Massa, the father of Rescigno's son, which was simultaneously pending in the trial court before another judge. Following the trial court's denial of Rescigno's motion to disqualify, Vesali filed his answer denying the material allegations of the complaint and, upon the claim that Rescigno and her children had been his house guests, admitted barring Rescigno from his residence and causing her personalty to be removed therefrom. After an attempt at court-ordered mediation failed, the matter proceeded to a trial which resulted in a jury verdict for Vesali. The trial court's entry of judgment thereon followed.

In Case No. A10A1351, Rescigno appeals from the trial court's order denying her motion for new trial, contending that the trial court erred (i) in failing to disqualify Cohan and W&S because Gleklen and W&S also represented her in the legitimation/custody dispute, (ii) in admitting prejudicial and nonprobative testimony regarding her relationship with Massa and the fact of the custody litigation between them, and (iii) in allowing Vesali to present to the jury portions of the deposition of Annette M. Anochie absent a sufficient showing of unavailability pursuant to OCGA § 9-11-32 (a) (3) (C). By his cross-appeal, Case No. A10A1352, Vesali contends that the trial court erred in denying him attorney fees and expenses under OCGA § 9-15-14. Discerning no error, we affirm both cases.

Viewed in the light most favorable to the jury's verdict (*Vega v. La Movida, Inc.*, 294 Ga. App. 311 (670 SE2d 116) (2008)), the evidence shows that the legitimation/custody dispute arose between the parties because Massa fathered one of Rescigno's children out of wedlock. When Rescigno's relationship with Massa broke down, Rescigno and the children moved out of his home. Vesali, who before purchasing his own residence had also lived in Massa's home, allowed Rescigno and her two minor children to move in with him as his guest. When Rescigno thereafter went to Florida to participate in a tennis tournament, Vesali, with Rescigno's consent, placed her property in storage at his expense and locked her out. Vesali testified that he had not understood the legal significance of status as tenant and for that reason dismissed the dispossessory warrant which he had earlier filed against Rescigno. Prior to trial, Rescigno moved to disqualify Vesali's counsel, as above, and in limine to exclude any evidence of her relationship with Massa and the pendency of the above-referenced legitimation/custody dispute, which motions the trial court denied. Rescigno thereafter filed the instant wrongful eviction action. At trial, the trial court, over Rescigno's objection upon the claim that Vesali failed to show her unavailability pursuant to OCGA § 9-11-32 (a) (3) (C), allowed the admission in evidence of portions of Anochie's deposition. The jury later returned its verdict for Vesali.

*Case No. A10A1351*

1. Citing Rules 1.9 (a) and 1.10 (a) of the Georgia Rules of Professional Conduct, Rescigno contends that the trial court erred in failing to disqualify Cohan and W&S because Gleklen and W&S represented her in the legitimation/custody case, such action as substantially related to the underlying wrongful eviction action. We disagree.

Rules 1.9 (a) and 1.10 (a) reflect settled law. "[A] lawyer is disqualified from representing a party against a former client in a matter that is 'substantially related' to the lawyer's prior representation." (Citations and footnote omitted.) *Crawford W. Long Mem. Hosp. v. Yerby*, 258 Ga. 720, 721 (1) (373 SE2d 749) (1988); Rule 1.9 (a).[1] Further, "if one attorney in a firm has an actual conflict of interest, we impute that conflict to all the attorneys in the firm, subjecting the entire firm to disqualification. *United States v. Kitchin*, 592 F2d 900, 904 (5th Cir. [1979]), cert. denied, 444 U. S. 843 (100 SC 86, 62 LE2d 56) (1979)." (Citation omitted.) *United States v. Ross*, 33 F3d 1507, 1523 (II) (E) (11th Cir. 1994); Rule 1.10 (a).[2] Inasmuch as Gleklen and Cohan are both W&S attorneys, the question of whether the trial court erred in denying Rescigno's motion to disqualify Cohan and W&S turns on whether the legitimation/custody matter in which Gleklen represented Rescigno may be deemed substantially related to the wrongful eviction action. In this regard, Rescigno as "[t]he party seeking disqualification bears the burden of establishing the existence of such a substantial relationship." (Footnote omitted.) *Duvall v. Bledsoe*, 274 Ga. App. 256, 258 (617 SE2d 601) (2005). Further, a subsequent case may be deemed substantially related to a former case where material and logical connections exist between the two. Id. at 259.

Here, we fail to see a material and logical connection between the former legitimation/custody action and the instant complaint for wrongful eviction. Rescigno argues that matters of parental fitness, living environment, and her financial situation are substantially related to the landlord/tenant issues involved in this case. She fails,

---

[1] Rule 1.9 (a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

[2] Rule 1.10 (a) imputes a lawyer's disqualification under Rule 1.9 (a) to all other lawyers associated with such lawyer's firm as follows: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so . . ."; see also Rule 1.9 (c) (In relevant part, Rule 1.9 (c) (1) provides: "[a] lawyer . . . whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client. . . .").

however, to show how the determination of paternity, legitimation, custody, and visitation are related to whether she was Vesali's tenant incident to an oral lease. Rescigno also contends that Gleklen gleaned confidential information regarding her financial information while assisting her with the preparation of her domestic relations financial affidavit. Nothing of record shows the use of such financial information in this case. Moreover, the mere fact that an attorney possesses general financial information about a former client imputable to another attorney in his firm does not mandate disqualification. *Duvall*, supra, 274 Ga. App. at 259.

Even were there a conflict of interest imputable to Cohan in these circumstances, we find that Rescigno waived any such conflict by failing to raise the issue with reasonable promptness after she was or should have been aware of the identity of Vesali's attorney. "A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." (Citation and punctuation omitted.) *Yates v. Dublin Sir Shop*, 260 Ga. App. 369, 372 (2) (579 SE2d 796) (2003). Four factors are determinative of this issue:

> the length of the delay in light of the circumstances of the particular case . . . , [inclusive of] when the movant learned of the conflict; whether the movant was represented by counsel during the delay; why the delay occurred; and whether disqualification would result in prejudice to the nonmoving party.

(Citations and punctuation omitted.) *Ga. Baptist Health Care System v. Hanafi*, 253 Ga. App. 540, 542 (559 SE2d 746) (2002). Each of these factors is present in this case. Rescigno knew that Cohan and W&S represented Vesali even before she filed her complaint; Rescigno was represented at all relevant times; the reason for Rescigno's delay is unexplained; and Cohan's disqualification would likely have prejudiced Vesali given a ten-year attorney-client relationship between the two and Cohan's extensive efforts in preparing Vesali's defense.

Given the foregoing, we conclude that the trial court did not abuse its discretion in denying Rescigno's motion to disqualify Cohan and W&S. *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. 146, 150 (2) (a) (527 SE2d 856) (2000).

2. Rescigno also claims that the trial court erred in denying her motion in limine and by admitting evidence relating to her relationship with Massa, arguing that such evidence was "wholly prejudicial, irrelevant," and offered to show that she was not entitled to any legal remedy for being wrongfully evicted because "another judge in the

same County did not award [her], a mother, full custody of her minor child." Again, we disagree.

"The appellate courts can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported." (Citations and punctuation omitted.) *Clements v. Weaver*, 301 Ga. App. 430, 432 (1) (a) (687 SE2d 602) (2009). "Whether to admit evidence objected to on the ground of relevancy is within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Citations omitted.) *Moxley v. Moxley*, 281 Ga. 326 (2) (638 SE2d 284) (2006).

Massa testified that Rescigno was prone to episodes of drunkenness and violence while she lived in his home, such episodes as consistent with Vesali's defense insofar as it was relevant to show how Rescigno came to be his house guest and why he later removed her from his property. Moreover, Massa's testimony that Rescigno purchased appliances with Vesali's credit card was highly relevant because it impeached Rescigno's testimony which indicated that she paid for the appliances in Vesali's home using her own funds pursuant to her oral lease with Vesali.

Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, it should be admitted however slight its probative value. *Biederbeck v. Marbut*, 294 Ga. App. 799, 804 (4) (670 SE2d 483) (2008). Given the foregoing, the denial of Rescigno's motion in limine and the admission in evidence of Massa's testimony was not error as an abuse of discretion. *Moxley*, supra, 281 Ga. at 326 (2).

3. Neither did the trial court abuse its discretion in admitting the deposition testimony of deposition witness Anochie based upon an insufficient showing of her unavailability pursuant to OCGA § 9-11-32 (a) (3) (C).

The trial court had the discretion to admit Anochie's testimony based upon two grounds. First, the deposition of a witness may be used at trial if the trial court finds that the witness is unable to attend or testify due to illness or infirmity. OCGA § 9-11-32 (a) (3) (C). Second, a witness' deposition "taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial." OCGA § 9-11-32 (a) (4); see also *Collins v. Kiah*, 218 Ga. App. 484, 485 (1) (462 SE2d 158) (1995).

Here, prior to argument on the admissibility of Anochie's deposition, Rescigno's counsel deposed Anochie a second time at her home and inquired into the issue of her availability to attend trial. Anochie deposed that as a result of a recent tonsillectomy she was very weak and physically unable to attend trial. Anochie thus

testified that she was unavailable due to "illness or infirmity." OCGA § 9-11-32 (a) (3) (C). Rescigno points to no evidence to the contrary. The trial court, therefore, did not abuse its discretion in admitting Anochie's deposition testimony on this account. *Moxley*, supra, 281 Ga. at 326 (2).

Neither does Rescigno explain how or why such portions of Anochie's deposition as were admitted harmed her. "In order to have reversible error there must be harm as well as error and the lack of harm makes this enumeration of error [on this basis] without merit." (Citations and punctuation omitted.) *Moxley*, supra, 281 Ga. at 328 (4).

## Case No. A10A1352

4. By his cross-appeal, Vesali contends that the trial court erred in denying him attorney fees and expenses under OCGA § 9-15-14. We are unpersuaded.

OCGA § 9-15-14 (a) provides that a trial court shall award attorney fees ". . . to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. . . ."

> Inherent in a ruling of the trial court denying attorney fees under OCGA § 9-15-14 (a) is a determination that there does *not* exist such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

(Citation and punctuation omitted; emphasis in original.) *Rental Equip. Group v. MACI, LLC*, 263 Ga. App. 155, 164 (5) (a) (587 SE2d 364) (2003).

Here, the record shows that Vesali filed a sworn dispossessory warrant against Rescigno as a tenant holding over in magistrate court. While the jury's verdict for Vesali indicates that the jury ultimately concluded that Rescigno was Vesali's guest rather than his tenant, such pleading demonstrates that Rescigno's claims had some factual merit or presented a justiciable issue of law. Accordingly, the trial court's denial of an award under OCGA § 9-15-14 (a) was not error on this basis. See *Hyre v. Paxon*, 214 Ga. App. 552, 556 (10) (b) (449 SE2d 120) (1994) (the denial of an award of OCGA §

9-15-14 (a) attorney fees must be affirmed if there is any evidence to support it).

The trial court's denial of an award of attorney fees to Rescigno under OCGA § 9-15-14 (b) likewise was not error. OCGA § 9-15-14 (b) permits a trial court to award attorney fees if, among other things,[3] it finds that a party brought an action that lacked substantial justification. "The statute defines 'lacked substantial justification' as 'substantially frivolous, substantially groundless, or substantially vexatious.' " (Punctuation and footnote omitted.) *DeKalb County v. Adams*, 263 Ga. App. 201, 203 (587 SE2d 302) (2003). We affirm a trial court's grant or denial of a motion for attorney fees under OCGA § 9-15-14 (b) unless the court has abused its discretion. See *Rental Equip.*, supra, 263 Ga. App. at 164 (5) (b); see also *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723) (1993). Given the sworn dispossessory warrant which Vesali filed in magistrate court, as above, there was some evidence from which the jury was authorized to find wrongful eviction but did not. Therefore, the trial court did not abuse its discretion in denying Vesali an award of attorney fees under OCGA § 9-15-14 (b). *Rental Equip.*, supra, 263 Ga. App. at 164 (5) (b); see also *Bankhead*, supra, 210 Ga. App. at 509 (1).

*Judgments affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 27, 2010.

*Louis Levenson*, for appellant.
*Weinstock & Scavo, Louis R. Cohan, David B. Weinberg*, for appellee.

---

[3] OCGA § 9-15-14 (b) also permits the award of attorney fees if "an action, or any part thereof . . . was interposed for delay or harassment, or if it finds that any attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery. . . ."