A05A0181. CLOUGH v. RICHELO et al.
(616 SE2d 888)

ELLINGTON, Judge.

This appeal arises from a legal malpractice suit filed by Walter Clough against attorney Thomas E. Richelo and his law firm, Richelo, Morrissey & Wright, P.C. (collectively, "Richelo"). Richelo filed a motion with the DeKalb County Superior Court to disqualify Clough's attorney, A. Todd Merolla, and Merolla's law firm, Raiford & Dixon, LLP, from representing Clough in the malpractice litigation. The trial court granted Richelo's motion, and Clough appeals,[1] contend-

---

[1] The trial court issued a certificate of immediate review, and this Court granted Clough's application for interlocutory appeal.

ing the court abused its discretion in disqualifying Merolla and the law firm. We find the trial court abused its discretion in disqualifying Merolla and, therefore, reverse. The challenge to the disqualification of the law firm, however, is moot.

By way of background, the record in this case shows that, in 1994, Clough worked as a sales consultant for Main Line Corporation and Noe Santamarina (collectively, "Main Line"). Three years later, Clough directed Main Line to begin making commission payments to Clough Marketing Services, Inc. ("CMS"), which he had recently incorporated in Georgia. Clough's wife owned 100 percent of the shares of CMS. In 1999, Clough sued Main Line in the Fulton County Superior Court, seeking to recover over $1,200,000 in sales commissions (hereinafter, the "Main Line suit"). Clough hired Richelo to represent him in the Main Line suit, and Richelo filed the suit, naming both Clough and CMS as plaintiffs.

In March 2002, while the Main Line suit was still pending, Clough's wife moved to another state and asked Clough for a divorce. Richelo attempted to mediate the couple's disagreement regarding how to proceed with the Main Line suit so that he could continue to represent both Clough and CMS as joint plaintiffs in the suit. Richelo notified the couple that he could not proceed with the Main Line suit until they resolved their disagreement over how to proceed with the suit. In January 2003, Richelo advised Clough that Clough might not have an individual claim against Main Line and that a jury could find that any award from the Main Line suit would be payable only to CMS and its sole shareholder, Clough's wife. Richelo then notified Clough that, unless Clough signed a new agreement that would allow him to continue to represent both Clough and CMS as joint plaintiffs, he (Richelo) was going to withdraw from his representation of Clough, but was going to continue to represent CMS in the Main Line suit. Clough refused to sign the agreement.

Clough retained another attorney, Merolla, who called Richelo in June 2003 and demanded that he withdraw from his representation of CMS in the Main Line suit and return the case files to Clough so Merolla could prepare for trial. According to Clough, Richelo refused to withdraw as CMS's counsel and refused to return Clough's files unless Clough paid him approximately $15,000 in outstanding legal expenses. Clough filed a motion to compel the return of the files with the Fulton County Superior Court. Richelo withdrew from the Main Line case in July 2003, but did not return Clough's case files. The Fulton County court granted Clough's motion to compel in December 2003.

Clough then filed the instant action against Richelo in DeKalb County, claiming that Richelo had committed legal malpractice, breach of fiduciary duty, fraud, negligent misrepresentation, and

common law negligence (the "malpractice suit"), based upon Richelo's work on the Main Line suit. Clough contended that Richelo violated the applicable standard of care for attorneys, as well as several ethical standards, and that these violations caused Clough to incur additional legal expenses and reduced the value of his recovery in the Main Line suit. Among Clough's allegations were that Richelo refused to withdraw from the Main Line suit after Clough requested that he do so and that Richelo refused to return the case files. In addition, the expert affidavit attached to Clough's complaint stated the expert's opinion that Richelo committed legal malpractice by failing to exercise the proper standard of care owed to Clough by: failing to act competently when he advised Clough in a legal area in which Richelo had no experience or expertise (domestic relations); failing to zealously and diligently represent Clough in the Main Line suit; failing to remain loyal to Clough and his interests; failing to provide Clough with independent professional judgment and service, specifically by failing to recognize or respond appropriately to the unresolved conflict between the interests of Clough and his wife; and failing to act in Clough's best interests, specifically by abandoning Clough's claims in the Main Line suit and, later, by asserting claims on behalf of CMS that adversely affected Clough. In response to the complaint, Richelo denied that he had acted unethically or negligently and claimed that any additional expenses or other damages incurred by Clough during the prosecution of the Main Line suit were not caused by him, but resulted from intervening causes, specifically the decisions made by Clough, Merolla, and others after Richelo withdrew from the suit.[2]

In March 2004, Richelo moved to disqualify Merolla and Merolla's law firm from representing Clough in the malpractice suit against him, contending that Merolla was an essential witness in the case. The trial court found that Merolla's testimony was necessary to show that Richelo improperly refused to withdraw from the case and to return the case files. The trial court also expressed concern that Merolla's testimony could create a conflict of interest between Merolla and Clough. Therefore, the court disqualified both Merolla and his firm from representing Clough, effective immediately, pursuant to Rule 3.7 of the Rules of Professional Conduct of the State Bar of Georgia. This appeal followed.

---

[2] Richelo also filed a counterclaim against Clough for breach of contract, fraud, and quantum meruit for the value of his legal services in the Main Line suit.

1. Clough argues that the trial court erred in finding that Merolla is likely to be a material witness in the malpractice suit and that it improperly disqualified Merolla on that basis. For the following reasons, we agree.

> The right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. In determining whether to disqualify counsel, the trial court should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of lawyers against the litigant's right to freely chosen counsel. We review the court's ruling for abuse of discretion.

(Punctuation and footnotes omitted.) *Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. 282, 288 (5) (590 SE2d 245) (2003). In addition, courts are generally reluctant to grant motions to disqualify opposing counsel because "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice," because parties often move for disqualification of opposing counsel for tactical reasons, and because, "even when made in the best of faith, such motions inevitably cause delay." (Citation and punctuation omitted.) *Reese v. Ga. Power Co.*, 191 Ga. App. 125, 127 (2) (381 SE2d 110) (1989).

Rule 3.7 (a) of the Rules of Professional Conduct of the State Bar of Georgia provides that, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." The party moving for disqualification of a lawyer under Rule 3.7 has the burden of showing that the lawyer "is likely to be a necessary witness" by demonstrating that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts.[3] See *Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. at 288 (5) (although this Court did not refer to Rule 3.7 in its decision, it found that an attorney should not be disqualified because there were other witnesses who

---

[3] There appear to be no Georgia cases which specifically construe what it means to be a "necessary witness" under Rule 3.7, which became effective on January 1, 2001, although there are numerous cases from other jurisdictions construing rules that are virtually identical to Georgia's Rule 3.7. All references in this opinion to "Rule 3.7" or another "Rule," other than in parentheticals to cases from foreign jurisdictions, refer to the Rules of Professional Conduct of the State Bar of Georgia.

could testify about the events at issue and, therefore, the attorney's testimony was not necessary); see also *Pyne v. Procacci Bros. Sales Corp. &c.*, 1997 U. S. Dist. LEXIS 15672 (E.D. Pa. 1997) ("The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible.") (citations and punctuation omitted); *World Youth Day v. Famous Artists Merchandising Exchange*, 866 FSupp. 1297, 1301-1302 (C) (Colo. 1994) (a lawyer is a "necessary" witness under Rule 3.7 if his or her testimony is "relevant, material and unobtainable elsewhere"); *Chapman Engineers v. Natural Gas Sales Co.*, 766 FSupp. 949, 957-958 (14), (16) (Kan. 1991) (in determining whether a lawyer's testimony is necessary, a court should consider, inter alia, what issues the testimony will address and whether other evidence is available to prove the same point, because disqualification is not required if the lawyer's testimony will be merely cumulative of other evidence).

(a) Clough contends that he has presented evidence other than Merolla's testimony to prove the essential elements of his claims in the malpractice suit. Clough argues, therefore, that the trial court abused its discretion in disqualifying Merolla based upon its finding that Clough needs Merolla's testimony to prove his claims. According to Clough, the evidence supporting his claims includes numerous admissions in judicio by Richelo in his verified response and counterclaim, his affidavit, and his written correspondence to Clough.

(i) Specifically, Clough challenges the trial court's conclusion that he needs Merolla's testimony to prove that Richelo refused to withdraw from the Main Line suit. Clough relies on Rule 2.2 (a), which states that a lawyer who is "acting as an intermediary by representing two or more parties with potentially conflicting interests" must withdraw from the case if any of his clients request that he do so or if his continued representation creates a conflict of interest under Rule 1.7.[4] Further, "[u]pon withdrawal, the lawyer shall not continue to represent any of the clients in the matter that was the subject of the intermediation." Rule 2.2 (b). See also Rule 1.9 (a).[5] Clough argues that, because Richelo acted as an intermediary between him and his wife, Rule 2.2 required Richelo to withdraw from representing CMS (which was owned by Mrs. Clough) as soon as

---

[4] Under Rule 1.7 (a), "[a] lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client."

[5] "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." Rule 1.9 (a).

Clough requested that he do so. Clough contends that the undisputed evidence shows that Richelo refused to withdraw from the case as required by Rule 2.2. This evidence includes, inter alia, the following excerpt from an e-mail from Richelo to Clough, dated January 31, 2003, following months of mediation by Richelo in the couple's dispute over how to proceed in the Main Line suit:

> If you don't [sign the proposed agreement for joint representation,] I have decided not to withdraw, until I find out how the court can protect my fee rights. . . . [If] a court determines that [Mrs. Clough] can proceed with the [Main Line] case, then I will ask her to let me represent her, and we will go ahead with the [Main Line] case without you.

Further, in a March 28, 2003 e-mail, Richelo continued to insist that he be allowed to jointly represent Clough and CMS, but stated that if Clough hired another attorney to represent him separately, Richelo would "consider" working with the other attorney only "if I [(Richelo)] agree it is someone I can work with. My case, my veto." And, contrary to Richelo's contentions on appeal, there is even direct evidence of the substance of the June 2003 conversations between Richelo and Merolla concerning Clough's demand that Richelo immediately withdraw from the case. In an e-mail dated June 7, 2003, from Richelo to Merolla concerning their "discussions of the last three days," Richelo acknowledged that Clough wanted him to withdraw from representing CMS in the case. According to Richelo, however, before he would "commit" to withdrawing, he wanted Clough to formally acknowledge 16 separate contentions regarding actions allegedly taken by Richelo since the dispute between Clough and his wife arose. The e-mail warned that, as long as Clough "acknowledged" these contentions, Richelo would "not make a motion seeking a ruling by the court on whether [his] withdrawal from representing CMS is necessary," and suggested that, without such acknowledgment, he would attempt to remain as counsel for CMS. Finally, during the hearing on the motion to disqualify, Richelo told the court that, after Clough hired Merolla to represent him in June 2003, Richelo had been "forced" to withdraw from representing CMS in the Main Line suit.

Accordingly, the undisputed evidence of record shows that Richelo acted as an intermediary between Clough and his wife and that Richelo failed to immediately withdraw from representing Mrs. Clough's interests when Clough requested that he do so. Therefore, Clough does not need Merolla's testimony to establish these facts.

(ii) Further, Clough contends that there is evidence in the record to support his allegation that Richelo demanded the payment of approximately $15,000 in expenses as a condition of returning the

Main Line case files and, therefore, he does not need Merolla's testimony to prove this allegation. The record shows that, in an affidavit dated September 3, 2003, two months after Richelo withdrew from the Main Line suit, Richelo admitted that his law firm still had possession of all of the case files and claimed that Clough and CMS owed the firm approximately $12,000 plus interest in expenses. The affidavit further stated that "[i]t appears reasonable to this firm that payment, or [a] commitment to make payment, be a condition to [the] turnover of some or all of the files," but adds that it may be the court's decision whether to impose such a condition when ruling on Clough's pending motion to compel. Therefore, the record shows that Merolla's testimony is not the only source of evidence on the question of whether Richelo conditioned the return of the files on the payment of outstanding legal expenses.

(iii) More importantly, even if Clough was unable to prove his specific allegation that Richelo demanded $15,000 in exchange for the files, it would not be fatal to his claims against Richelo. As noted above, Clough has raised several other allegations of Richelo's ethical violations and breach of the standard of care for attorneys, there is some evidence in the record to support these allegations, and these allegations are sufficient to establish a factual basis for Clough's claims against Richelo. See *Allen v. Lefkoff, Duncan, Grimes & Dermer*, 265 Ga. 374, 375-376 (2) (a) (453 SE2d 719) (1995) (the State Bar of Georgia's rules governing the professional conduct of attorneys may be used in a legal malpractice case as evidence of the standard of care for attorneys).

Accordingly, we find the trial court's conclusion that Clough needs Merolla's testimony to support his claims against Richelo is not supported by the record.

(b) Richelo has also failed to show that Merolla is likely to be a necessary witness for the defense in the malpractice suit. As noted above, one of Richelo's defenses is that his actions in the Main Line suit did not harm Clough and that any losses incurred by Clough were caused by Merolla's intervening acts as Clough's attorney. According to his motion to disqualify Merolla, Richelo intends to depose Merolla regarding the attorney's actions and decisions in the Main Line suit, to review all of Merolla's work product and time records in the case, and to call Merolla as an adverse witness at trial, to be cross-examined on these same issues.

Because Merolla has not yet been deposed, however, there is no proof of the substance of Merolla's deposition testimony. At this point, Richelo's claim that he needs Merolla's testimony to support his defense is based upon his mere speculation as to what that testimony

might entail[6] and is insufficient to serve as a basis to automatically disqualify Merolla.[7] Even the trial court recognized that Merolla's deposition testimony might only "potentially" be harmful to Clough's case.[8]

Further, until Richelo deposes Merolla, Richelo is unable to show that there is any disputed material fact that can only be proved with Merolla's testimony. As shown in Division 1 (a), supra, there is undisputed evidence on some factual issues, such as whether Richelo immediately withdrew from representing CMS when Clough requested that he do so. Other facts, such as the amount and nature of the work performed by Merolla in the Main Line suit, and the amount of attorney fees attributed to that work, can be proved by the record in that case. Therefore, we find that Richelo has failed to demonstrate at this point that Merolla's testimony is "necessary" to his defense.[9] While it is understandable that Richelo may want to bolster his case at trial with Merolla's testimony, that interest does not make Merolla's testimony "necessary" under Rule 3.7 and is outweighed by Clough's right to be represented at trial by his chosen counsel. *Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. at 288 (5) (holding that the client's right to its chosen counsel superseded the opposing party's right to call that counsel as a witness when there were other witnesses available to testify to the same facts).

Accordingly, because Richelo failed to carry his burden of showing that Merolla is likely to be a necessary witness at trial, the trial

---

[6] Although Richelo repeatedly emphasizes in his appellate brief that an affidavit he filed that criticized Merolla's representation of Clough was "uncontested" by Merolla and, therefore, "must be accepted as true," the affidavit merely counters Clough's verified complaint on the issue of causation. Accordingly, it creates, at most, a jury question on that issue.

[7] Otherwise, any party could successfully move to disqualify an opposing attorney by simply averring that the opposing attorney might possess information that is damaging to the attorney's client's case and, therefore, that the attorney is likely to be a necessary witness in the moving party's case. To approve of such a tactic would be opening the door to blatant misuse of a rule that already has great potential for abuse. See *Chapman Engineers v. Natural Gas Sales Co.*, 766 FSupp. at 959 (19) (in deciding whether to grant a motion to disqualify, courts should be sensitive to the potential for abuse, particularly when the party seeking disqualification is also the one wanting to call the attorney as a witness).

[8] At the motion hearing, the trial court expressed concern about the possibility that a conflict of interest between Merolla and Clough could arise, and stated that "I think the moment that you are deposed in this case, to potentially offer testimony that will be harmful to your client's claim, you need to get out of the case." See Division 3, infra (discussing the possibility of a conflict of interest between Merolla and Clough).

[9] We note that, once Merolla is deposed, Richelo may have a basis to argue that Merolla "is likely to be a necessary witness" for the defense and should be disqualified from representing Clough at trial under Rule 3.7. Even so, in deciding whether to disqualify Merolla on that basis, the trial court will still have to consider whether the disqualification will create a substantial hardship for Clough. Rule 3.7 (a) (3). Further, as noted in Division 2, infra, the trial court would not be authorized under Rule 3.7 to disqualify Merolla from representing Clough prior to trial.

court's disqualification of Merolla on that basis was an abuse of discretion. *Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. at 288 (5).

2. Clough also contends that, even if the trial court properly found that Merolla was likely to be a necessary witness at trial on the malpractice suit, Rule 3.7 does not authorize the court to disqualify Merolla from representing Clough prior to the trial. Because the question of when a Rule 3.7 disqualification takes effect could arise again in this case upon remand, we will address it here.

The purpose of Rule 3.7 is to prevent an attorney from being in the awkward position of acting as both a witness and an advocate at trial, which could create some of the following problems:

> the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility; . . . the unfair and difficult situation which arises when an opposing counsel has to cross-examine a lawyer-adversary and seek to impeach his credibility; and . . . the appearance of impropriety created, *i.e.*, the likely implication that the testifying lawyer may well be distorting the truth for the sake of his client.

(Citations omitted.) *Culebras Enterprises Corp. v. Rivera-Rios*, 846 F2d 94, 99-100 (II) (1st Cir. 1988). Further, there is great potential for juror confusion about which role the lawyer is serving during trial. "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear [to the factfinder] whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." Rule 3.7, Comment (2). See also *Chapman Engineers v. Natural Gas Sales Co.*, 766 FSupp. at 957 (14) ("One of the strongest rationales for this lawyer-witness rule is to prevent jury confusion over the separate roles of an advocate and a witness.").

We find, however, that concerns about possible juror confusion are not relevant to pre-trial proceedings. See *Culebras Enterprises Corp. v. Rivera-Rios*, 846 F2d at 100-101 (II) (holding that Rule 3.7 does not prohibit a lawyer who will testify at trial from acting as counsel in pre-trial discovery); *Pyne v. Procacci Bros. Sales Corp. &c.*, 1997 U. S. Dist. LEXIS 15672 (holding that lawyers who were necessary witnesses in the case under Rule 3.7 were not prohibited from representing their clients in all pre-trial matters, including discovery); cf. *World Youth Day v. Famous Artists Merchandising Exchange*, 866 FSupp. at 1303-1304 (C) (holding that an attorney who was going to be a necessary witness at trial may participate in

pre-trial hearings, conferences, motions practice, etc., but should be disqualified from taking or defending depositions because, at trial, his participation in the depositions will be evident and confusing to the jurors); but see *Gen. Mill Supply Co. v. SCA Svcs.*, 697 F2d 704, 707, 715-716 (III) (6th Cir. 1982) (holding that the district court did not abuse its discretion in immediately disqualifying plaintiff's attorney, who had filed an affidavit in opposition to defendant's motion for summary judgment which made specific, serious allegations of unethical conduct by defendant's attorneys that were essential to plaintiff's claims and could not be proved with other evidence).

Based upon the purposes behind Rule 3.7 and the persuasive authority of decisions from other jurisdictions as cited above, we conclude that Rule 3.7 does not preclude a lawyer from representing a client prior to trial, even if the lawyer is likely to be a necessary witness at the trial.

3. Nonetheless, as noted in footnote 8, supra, the trial court addressed an important concern about the possibility that Merolla's deposition testimony could create a conflict of interest between him and his client, Clough.[10] See Rule 1.7 (a) (conflict of interest between lawyer and client). Richelo, however, is not a party to the attorney-client relationship between Merolla and Clough and, therefore, has no standing to assert an actual or potential conflict of interest between Merolla and Clough as a basis for a motion to disqualify Merolla under Rule 3.7. *Johnson v. Prime Bank*, 219 Ga. App. 29, 31 (2) (464 SE2d 24) (1995); *Reese v. Ga. Power Co.*, 191 Ga. App. at 127 (2). Therefore, to the extent the trial court relied upon a potential conflict of interest between Merolla and Clough in disqualifying Merolla under Rule 3.7, such consideration was an abuse of discretion.[11]

---

[10] This potential conflict of interest could arise if Merolla's deposition testimony substantially differs from Clough's other evidence or disproves Clough's claims, thereby materially and adversely affecting Merolla's representation of Clough's interests. See Rule 1.7 (a). Under such circumstances, Merolla may be obligated to withdraw immediately from the case. Id.; see also Rule 3.7, Comment (5) (whether a lawyer serving as both advocate and witness creates an improper conflict of interest is determined by Rule 1.7 or 1.9). A possible conflict of interest between lawyer and client, however, does not, by itself, preclude representation by the lawyer. Rule 1.7, Comment (4). Instead, "[t]he critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." Id.

[11] Having so ruled, we must emphasize that, if Merolla already knows that his deposition testimony will create a conflict of interest between him and Clough under Rule 1.7, he should withdraw immediately so this case can proceed without further delay. See Rule 3.7, Comment (5) (determining whether a lawyer's testimony will create a conflict of interest is primarily the responsibility of the lawyer involved).

4. Clough also challenges the trial court's disqualification of Merolla's former law firm, Raiford & Dixon, LLP, pursuant to Rule 3.7 (b).[12] Since Merolla is no longer employed by the firm, however, this issue is moot.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED JUNE 30, 2005 — 

*Wagner, Johnston & Rosenthal, Michael S. Rosenthal, Angelo T. Merolla,* for appellant.

*Carlock, Copeland, Semler & Stair, Johannes S. Kingma, Eric F. Barton,* for appellees.

---

[12] Rule 3.7 (b) states that, "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."