**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 6, 2026**

# In the Court of Appeals of Georgia

A25A1722. OLES v. MONKS.

DAVIS, Judge.

Attorney David Oles seeks review of the trial court's order granting Audrey Monks' motion to disqualify him as counsel from a domestic relations case after the trial court found that Oles improperly inserted himself into the parties' dispute so as to make him a "necessary witness" under Rule 3.7 of Georgia's Rules of Professional Conduct. Because Monks has not met her burden of showing that Oles was a "necessary witness," we reverse the trial court's disqualification order.

"The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge. This Court will not interfere with a trial court's ruling absent abuse of that

discretion." *Shuttleworth v. Rankin-Shuttleworth of Ga., LLC*, 328 Ga. App. 593, 594 (759 SE2d 873) (2014). "A trial court abuses its discretion when it issues a ruling that is unsupported by any record evidence or misstates or misapplies the law." *Coastal Bank v. Rawlins*, 363 Ga. App. 627, 631 (871 SE2d 894) (2022).

The record before us shows that Monks and Robert Dondi Simon were in a romantic relationship and were co-owners of a Pickens County residence. The relationship soured in 2021, and Monks moved out of the house. In the intervening years, she would occasionally come by the house without incident until 2024 when she allegedly began taking Simon's belongings from the residence. Simon then retained attorney David Oles to "secure his safety and privacy and help prevent more of his possessions from walking off." On November 27, 2024, Oles sent Monks a letter warning her to stay out of the residence without Simon's prior approval. Oles followed up one week later with a Notice of Criminal Trespass Warning, e-mailed to Monks via her subsequently retained attorney, which warned her that she was not allowed on the property.

On December 7, 2024, Monks allegedly had a locksmith gain entry into the home while Simon was out of town to retrieve some of her belongings. The same day,

Oles contacted the Pickens County Sheriff's Department to report Monks for trespassing. According to the police report, Oles spoke with a sergeant and told her that Monks had no right to the property and was not allowed to enter. The sergeant told Oles that the property was jointly owned by Simon and, but Oles "continued talking over [the sergeant] and demanded a report be taken due to [Monks] being on the property."

On December 9, 2024, Monks obtained a pro se family violence ex parte protective order ("TPO") against Simon, alleging that he had threatened to shoot her. The TPO provided that Simon was "ordered not to have any contact, direct, indirect or through another person with [Monks], by telephone, fax, e-mail or any other means of communication and social media except as specified in this Order." Four days later, on December 13, 2024, Oles mailed Monks and her attorney a letter demanding termination of the "abusive litigation."

In January 2025, Monks filed a motion to disqualify Oles as counsel to Simon in the TPO matter, alleging that Oles had violated Rule 3.7 of the Georgia Rules of Professional Conduct in that he "ha[d] made himself a material witness to the case at bar with the possibility of being called upon as a witness" due to his "repeated

telephone calls to the Pickens County Sheriff's Office in an attempt to have [Monks] arrested for criminal trespass and he also directly communicated with [Monks] on behalf of his client in contempt of the TPO issued by [the trial court]." Following a hearing, the trial court granted Monks' motion to disqualify. Specifically, the trial court found that Oles had

> inserted himself into the case between the parties herein when he contacted the Pickens County Sheriff's Office on or about December 7, 2024. Counsel attempted to advise law enforcement as to legal conclusions regarding a dispute between the parties that should have been reserved for a court of law and made himself a witness in the present matter such that he can no longer serve as counsel for the Respondent. We granted Oles' application for interlocutory review.[1]

Oles argues that the trial court erred by failing to conduct a complete disqualification analysis because it failed to address whether any potential testimony he could provide was relevant to any future proceedings and was necessary and unprovable by other evidence. We agree.

---

[1] We note that Oles has standing to appeal the order disqualifying him as counsel notwithstanding the fact that he is not a party to the underlying proceedings. *WellStar Health Systems v. Kemp*, 324 Ga. App. 629, 632-33(1)(a) (751 SE2d 445) (2013).

The right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution. In determining whether to disqualify counsel, the trial court should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of lawyers against the litigant's right to freely chosen counsel.

*Clough v. Richelo*, 274 Ga. App. 129, 132(1) (616 SE2d 888) (2005) (punctuation omitted). In light thereof, this Court

approach[es] [motions to disqualify counsel] with caution due to the consequences that could result if the motion is granted, such as the inevitable delay of the proceedings and the unique hardship on the client including the loss of time, money, choice of counsel, and specialized knowledge of the disqualified attorney. In other words, lawyers are not fungible. Because opposing counsel may employ a motion to disqualify to delay the proceedings or disrupt a case, we view disqualification as an extraordinary remedy that should be granted sparingly. Further, there must be an actual impropriety, not simply the appearance of impropriety, to warrant disqualification. Opposing counsel may raise the disqualification issue if the conflict is such as clearly to call into question the fair or efficient administration of justice, although such an objection should be viewed with caution for it can be misused as a technique of harassment.

5

*Cohen v. Rogers*, 338 Ga. App. 156, 165-66(3) (789 SE2d 352) (2016) (punctuation omitted).

Georgia Rule of Professional Conduct 3.7 (a) provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." This Court has explained that "[t]he party moving for disqualification of a lawyer under Rule 3.7 has the burden of showing that the lawyer is likely to be a necessary witness by demonstrating that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts." *Clough*, 274 Ga. App. at 132 (1) (punctuation omitted). "[I]n determining whether a lawyer's testimony is necessary, a court should consider, inter alia, what issues the testimony will address and whether other evidence is available to prove the same point, because disqualification is not required if the lawyer's testimony will be merely cumulative of other evidence." Id. at 133 (1).

Here, we conclude that Monks has not met her burden of showing that Oles was a "necessary witness" under Rule 3.7 and that the trial court therefore abused its discretion by disqualifying him. First of all, we fail to see how Oles' actions at the Sheriff's Office on December 7 — two days before the issuance of the December 9 TPO — are at all relevant to any future matters in the TPO proceedings or would serve to disqualify him from representing Simon at a future TPO contempt hearing. Nor is it at all apparent how Oles' "attempt[] to advise law enforcement as to legal conclusions" would make him a necessary witness or would constitute an impropriety under Rule 3.7.[2]

More critically, however, even presupposing that Oles' testimony regarding his contact with law enforcement on December 7 or the sending of the demand letter on December 13 would be relevant and material at a future contempt hearing, neither Monks nor the trial court addressed whether other evidence could prove any possible contempt. As Oles points out, incident reports, body camera videos, 911 recordings, and testimony from Sheriff's office witnesses could also potentially serve as

_____

[2] Additionally, putting aside the question of whether Oles' December 13 demand letter to Monks and her attorney directly violated the TPO's ban on communication from Simon to Monks, the trial court did not address the demand letter in its order or base its ruling on that letter.

competent evidence concerning the December 7 events. Furthermore, to the extent that such testimony is not privileged, Simon, Monks, and her attorney can potentially testify about the circumstances surrounding the December 13 demand letter. There is thus nothing in the record showing that Oles' testimony is the sole piece of evidence establishing any matter or disputed facts in this proceeding, and he has therefore not made himself a necessary witness. See *Tara Anna, LLC v. Freihofer Transp., Inc.*, 922 SE2d 130, 136-38(1)(a) (2025) (concluding that attorney's disqualification was not necessary where other witnesses and evidence could prove the existence of disputed facts); *Schaff v. State*, 304 Ga. App. 638, 640-42(1) (697 SE2d 305) (2010) (reversing a disqualification order because the mother and attorney's assistant were both present for the event and could testify to the circumstances surrounding a child's statement to the attorney); *Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. 282, 288(5) (590 SE2d 245) (2003) (concluding that attorney's disqualification was not warranted because there were other witnesses who could testify about the events at issue and, therefore, the attorney's testimony was not necessary).

Accordingly, we conclude that Monks has not demonstrated that Oles would be a "necessary witness" so as to justify disqualification under Rule 3.7, and the trial

8

court abused its discretion by disqualifying him on that basis. For these reasons, we reverse the trial court's disqualification order.

*Judgment reversed. Rickman, P. J., and Gobeil, J., concur.*